**DETROIT METROPOLITAN AREA EXECUTIVE COMMITTEE OF the BRICKLAYERS, MASONS AND PLASTERERS INTERNATIONAL UNION OF AMERICA, AFL–CIO, and Bricklayers Fringe Benefit Funds, Metropolitan Area, Plaintiffs,**

v.

**LETO CONSTRUCTION COMPANY, a Michigan Corporation, Defendant.**

Civ. A. No. 74–71049.

United States District Court, E. D. Michigan, S. D.

Nov. 17, 1976.

Sheldon M. Meizlish, Detroit, Mich., for plaintiffs.

Robert K. Lockwood, Detroit, Mich., for intervening defendant.

## MEMORANDUM OPINION

GUBOW, District Judge.

The court has before it plaintiffs' petition for rehearing of this court's opinion and order of October 31, 1974, granting the motion of the intervening defendant, City National Bank, to quash writs of garnishment.

Plaintiffs, a union and its pension fund trusts, filed this action on January 31, 1974 against Leto Construction Company claiming amounts due under the collective bargaining agreement with Leto. On March 18, 1974, plaintiffs were awarded a default judgment in the amount of the sums due

with interest and costs. Subsequently, writs of garnishment were granted against eight garnishees from whom Leto had accounts receivable owing.

City National Bank, a creditor of Leto under a financing statement that secured Leto's accounts receivable as collateral on the loans to Leto, moved to intervene and quash plaintiffs' garnishment writs. This motion was granted and the writs were quashed.

Plaintiffs petitioned for rehearing on November 13, 1974, and this court decided to hold that petition for rehearing in abeyance until the Sixth Circuit rendered its decision in *Laborers' Pension Trust Fund v. Leto Construction Co.,* Civil Action No. 74–71258 (E.D.Mich., August 2, 1974) (Pratt, J.), *rev'd and remanded,* Civil Action No. 74–2108 (6th Cir., Sept. 9, 1976). The Sixth Circuit reversed and remanded the decision of the district court for reconsideration in view of a recent decision of the Michigan Supreme Court styled *Nat'l Bk. of Detroit v. Eames and Brown, Inc.,* 396 Mich. 611, 242 N.W.2d 412 (1976).

The basic issue presented by the instant case is whether or not City National Bank has priority over plaintiffs' claims. If it does, the order quashing plaintiffs' garnishments was justified. As discussed below, however, the Michigan Supreme Court decision in *Eames and Brown* requires that this court grant plaintiffs' motion for rehearing, reverse its initial decision, and uphold the garnishment writs.

In its initial opinion, this court relied on Judge Pratt's decision in *Laborers' Pension Trust Fund v. Leto Construction Co., supra,* because it presented issues of fact and law nearly identical to the case before this court. In both cases, City National Bank was found to have a perfected security interest under article 9 of the Uniform Commercial Code, M.C.L.A. § 440.9101 *et seq.,* which has priority over lien creditors such as plaintiffs.

Section 440.9201 of Michigan's UCC provides that

[e]xcept as otherwise provided by this act a security agreement is effective according to its terms between the parties, against purchasers of the collateral and against creditors.

As a written agreement had been entered into between City National Bank and Leto, it was enforceable against debtors and third parties under section 9–203(1). A lien creditor, as plaintiffs here are, has priority under 9–301(1)(b) over unperfected security interests. Perfection occurs under 9–301(1) when a security interest attaches. Under 9–204(1), a security interest attaches when (1) agreement between the parties exists, (2) value is given, (3) the debtor obtains rights in the collateral, and, as to assignment of accounts, (4) filing occurs under section 9–302(1)(e). Judge Pratt concluded, and this court concurred, that, because City National Bank's interest had attached (there was an agreement, City National gave value, and Leto had amounts due to it), City National's interest was superior to the interests of lien creditors like plaintiffs.

Neither Judge Pratt nor this court was persuaded by plaintiffs' argument that the Michigan Builders Trust Fund Act, M.C.L.A. § 570.151 *et seq.,* gave plaintiffs priority. The courts rejected plaintiffs' theory that the funds garnisheed were not those of the debtor, Leto (and, hence, Leto would not have full rights in the collateral), but instead were funds held by Leto for plaintiffs (who would be the beneficiaries under the Builders Trust Fund Act). The basis for this ruling was that the Builders Trust Fund Act inures to plaintiff's benefit only when funds at issue are actually paid to Leto. The court found that funds actually paid to Leto were funds held in trust for its employees (including plaintiffs), but that no provision of the Builders Trust Fund Act required that funds of the garnisheed parties, held for a subcontractor like Leto, were held in trust for a subcontractor's employees. The court based these findings on its determination that "laborers" under the act meant only laborers of a contractor of subcontractor to whom funds were actually paid. Therefore, plaintiffs' interest would not be created by the act until funds were actually paid and, because funds were

not actually paid, the security interest of City National Bank was found to be prior and superior to plaintiffs' lien.

In *Nat'l Bk. of Detroit v. Eames and Brown, Inc.*, 396 Mich. 611, 242 N.W.2d 412 (1976), the Michigan Supreme Court reversed a Michigan Court of Appeals decision affirming summary judgment in the trial court. The facts were as follows: Eames and Brown's insurer hired a contractor to do electrical work that Eames and Brown made necessary when it installed faulty plumbing that damaged the electrical workings of a building. The contractor subcontracted the electrical work. A perfected security interest in the contractor's accounts receivable was held by the National Bank of Detroit; the contractor became insolvent, but money was owed to it by Eames and Brown's insurer. The insurer, however, paid the money to the subcontractor on the ground that the contractor owed the subcontractor money under the subcontract. The National Bank of Detroit claimed priority under the UCC and the subcontractor claimed priority under the Michigan Builders Contract Fund Act.

The supreme court held, among other things, that the Michigan Builders Contract Fund Act's purpose is to create a trust fund for laborers, materialmen, and others that supplements the Mechanics Lien Law, M.C.L.A. § 570.1 *et seq.*, and one cannot be allowed to circumvent the act by the use of security agreements. It was reasoned that creditors could short-circuit the rights of laborers under the act by satisfying debts with money received by contractors directly from the owners of property. In order to prevent this, the act was construed to apply to money constructively paid to a contractor, *i. e.*, no actual payment to a contractor is needed before his employees become beneficiaries under the act. All that is required is that money be constructively paid, *i. e.*, actually owed, to the employer. Finally, the supreme court held that if money provided by the secured creditor is, in fact, used to pay laborers, then the purpose of the act is carried out and there is no reason why a creditor should not have a right to accounts, at least to the extent that the security interest does not exceed the amount of money lent by the secured party actually used in creating the specific improvement. It is the creditor's burden to prove funds provided were used to pay laborers, materialmen, and others. If the creditor fails, the laborers have a superior right in the funds; if the creditor proves the funds were used to pay laborers, the creditor has a superior interest.

Applying *Eames and Brown* to the case before this court, a constructive payment to Leto by the garnisheed individuals was made. Since the act exists to protect laborers, materialmen, and others, this money constructively paid to Leto was subject to the lien created by the Builders Trust Fund Act and this lien is superior to the security interest of City National Bank as long as it cannot prove that money lent was, in fact, used to pay laborers, materialmen, and others on this project.

It is apparent that, in light of the controlling authority of *Eames and Brown*, this court's opinion and order of October 31, 1974, was erroneous and should be reversed. City National Bank shall be given twenty (20) days from the entry of this opinion to petition the court for a hearing, attempting to show that the funds it provided were used to pay laborers, materialmen, and others on the project. If, after twenty days, the intervening defendant has not so petitioned the court, an order granting the plaintiffs' motion for rehearing and setting aside this court's order quashing the writs of garnishment will be entered.