**Gordon SELLARS, Plaintiff,**

v.

**UNITED STATES of America, Defendant and Counterclaim Plaintiff.**

**John Jacob SOLWAY, a/k/a Jack Solway, Plaintiff,**

v.

**UNITED STATES of America, Defendant and Counterclaim Plaintiff.**

**Civil Action Nos. 94–CV–40333–FL, 94–CV–40506–FL.**

United States District Court,
E.D. Michigan,
Southern Division.

Sept. 5, 1996.

John S. Regan, Fitzgerald & Dakmak, Detroit, MI, for plaintiffs.

Christine A. Grant, Stephen T. Lyons, U.S. Department of Justice, Trial Attorney, Tax Division, Washington, DC, Nancy A. Abraham, Assistant U.S. Attorney, Flint, MI, for defendants.

*MEMORANDUM OPINION AND ORDER*

NEWBLATT, Senior District Judge.

The decision in this case depends on the interpretation placed on opinions upon which both parties rely. *Huizinga v. United States,* 68 F.3d 139 (6th Cir.1995).[1]

Because plaintiffs rely on a broad interpretation or broad meaning of the principal opinion and its generalized application to the issue in this case, and the government relies on what was not ruled upon or mentioned in the principal opinion and notes the subjects not dealt with as pointed out in the concurrence, it is essential to examine very carefully the opinions in *Huizinga.*

■ There is no question but that the Internal Revenue Code, 26 U.S.C. § 6672 imposes on any person responsible for collecting and paying social security and federal income taxes to the government and who wilfully fails to do so a penalty equal to 100 percent of the unpaid taxes. There is also no question but that a "responsible person who first becomes aware of a past due withholding tax liability after the liability has accrued is considered 'wilful' (for purposes of Section 6672) if he fails to use all unencumbered funds that come into his possession thereafter to pay the delinquent taxes. Funds are considered encumbered 'only where the taxpayer is legally obligated to use the funds for a purpose other than satisfying the preexisting employment tax liability and [the] legal obligation is superior to the interest of the IRS in the funds.' *Haney v. United States* ..." (citations omitted) *Huizinga,* p. 145.

The issue dealt with in the principal *Huizinga* opinion is whether the funds received by the employer subject to the Michigan Builders Trust Fund Act, M.C.L.A. §§ 570.151–570.153 were encumbered by the application of that statute that they could not be used to pay preexisting employment tax liability. If they were so encumbered, they could not be used, Huizinga's nonpayment would not be "wilful" and the tax could not be imposed upon him. The court held the

---

1. I would like to express the Court's appreciation for the manner in which the parties narrowed the issues in their factual stipulation. It showed good faith in acknowledging what could and could not be established and great skill in articulating the agreement. In addition, while in no way depreciating the quality of the plaintiffs' brief, the government's brief showed both a clarity of expression and thoroughness of analysis that should not go unmentioned.

Michigan Act did create a valid trust and thus the funds received into the trust by the taxpayer could only be used to pay the trust beneficiaries. The funds thus being unavailable to pay the taxes, the nonpayment was not wilful.

There is also no question but that the principal opinion dealt only with the question of the validity of the Trust in the face of the Internal Revenue tax obligations. As stated in the principal opinion, "[t]he Michigan Builders Trust Fund Act was enacted 'to protect the owner and those whose labor and materials make the performance of a construction contract possible and give rise to the owner's obligation to pay.' ... The effect of the statute is to prevent the funds from becoming the property of the building contractor by creating a trust to hold the funds and by making the contractor the trustee.... Simply stated, Huizinga was clearly under a legal obligation to use the after-acquired funds that were held in trust to pay the Act's intended beneficiaries." *Huizinga,* p. 145.

Plaintiffs' essential argument is that *Huizinga* holds funds held by a contractor under the Michigan Statute are encumbered so as to make them unavailable to pay the employer's tax liability. In so arguing, plaintiffs ignore two points: first, it ignores that this holding says the money must be used only to pay the Act's intended beneficiaries which, factually, may very well include the IRS for the employment tax liabilities; and second, it ignores the limitations on the ruling based on the issue submitted for decision as was specifically noted in the concurrence.

Judge Nelson, in his concurrence, points out that the argument that the government presented on appeal and *not* in the lower court, was that withholding taxes are simply part of a laborer's pay and in paying withholding taxes over to the federal government, a contractor is thus paying its employees— something the Michigan Act was obviously not designed to prohibit. Judge Nelson noted that the record below failed to show that the trust fund proceeds were used to pay expenses in projects to which the delinquent taxes pertained. Because the argument had not been preserved by assertion below and the record was barren as to whom and what projects the expenses were paid, the argument was not entertained by the appellate court. Then Judge Nelson concurred in the principal opinion noting what the Sixth Circuit was not deciding and the reasons for not deciding.

Judge Nelson's concurring opinion, in essence, was *dicta*—that is, it had nothing to do with what, in fact, was decided. But holding something to be *dicta* does not mean that it is not significant. It is frequently as important to note what was not decided as what was decided.

This case now presents the issue which was not decided in *Huizinga* and the record fulfills the requirements necessary to deal with the issue: 1) it has been presented to the lower court; and 2), there is a factual record upon which it can be decided (the parties' factual stipulation).

█ In now holding that the Michigan Building Contract Fund Act allows payment of all construction costs and only precludes diversion to other purposes, it is not necessary to deal with the question as to whether federal law preempts the Buildings Trust Act in any way.

█ I agree with the government that the use of the payments to the contractor under the Builders Trust Act to pay employment taxes is appropriate so long as the employment taxes apply or relate to the wages paid on the projects for which the contractor received the trust funds.

Section 3 of the Michigan Act provides that the appropriation by a contractor "of any monies paid to him for building operation before the payment by him of all moneys due as to become due laborers, subcontractors, materialmen or others entitled to payment shall be evidence of intent to defraud." M.C.L.A. § 570.153. This language evidences a statutory intent to protect not just subcontractors, materialmen and laborers, but "others entitled to payment" who are not technically laborers, subcontractors or materialmen. *National Bank of Detroit v. Eames and Brown,* 396 Mich. 611, 242 N.W.2d 412 (1976), *In re Imperial Tile and Carpet Inc.,* 94 B.R. 97, 98–99 (Bankr N.D.Ohio 1988);

*Detroit Metro Area Executive Comm. v. Leto Const. Co.*, 423 F.Supp. 701, 703 (E.D.Mich. 1976); *People v. Miller*, 78 Mich.App. 336, 259 N.W.2d 877 (1977).

■ This Act permits the construction contract proceeds to be used for any construction expenses including all taxes and other charges lawfully imposed on the wages for construction labor. *Mich. Bell v. C & C Excavating*, 87 Mich.App. 758, 276 N.W.2d 487 (1989).

Accordingly, the Court GRANTS the government's motion for summary judgment and DENIES the plaintiffs' cross motion.

SO ORDERED.[2]

---

**2.** Unless I have misunderstood the stipulation of the parties, the terms of the judgment to be entered based on these rulings have been stipulated by the parties, and the Court shall await its presentation by the government after submission to the plaintiffs.